UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Roosevelt Sabb, Jr., ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> Warden of Broad River Correctional ) <br> Institution, ) <br> ) <br> Respondent. ) <br> _____ ) | Civil Action No. 5:21-2603-BHH <br><br> **OPINION AND ORDER** |

This matter is before the Court for review of the Report and Recommendation entered by United States Magistrate Judge Kaymani D. West on May 12, 2022 ("Report"). (ECF No. 36.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this case was referred to Magistrate Judge West to review Petitioner Roosevelt Sabb, Jr.'s ("Petitioner") 28 U.S.C. § 2254 habeas petition and for pretrial handling. In her Report, the Magistrate Judge recommends that Respondent Warden of Broad River Correctional Institution's ("Respondent") motion for summary judgment (ECF No. 28) be granted, and the petition be denied. (*See* ECF No. 36 at 30.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## **BACKGROUND**

The Magistrate Judge entered her Report on May 12, 2022, recommending that

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exists there.

1

Respondent's motion for summary judgment (ECF No. 28) be granted and that Petitioner's habeas petition (ECF No. 1) be denied. (ECF No. 36 at 30.) Petitioner filed objections on June 9, 2022. (ECF No. 40.) The matter is ripe for consideration and the Court now makes the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

### A. Procedurally Barred Claims

Magistrate Judge West first found that Grounds Two and Three of the habeas petition are procedurally barred because Petitioner failed to raise these claims to the PCR Court (ECF No. 36 at 19), and that Petitioner has not shown sufficient cause and prejudice to excuse the default of his Ground Two and Three claims (*id.* at 20–21).

In his objections, Petitioner argues:

2

> The Petitioner OBJECTS to the Magistrates R+R that his ground two claim was not presented to the state court. The Magistrate relied on the states response which mislead the Judge, because the Petitioner did raise this claim to the State Supreme Court. See Petitioners PRO SE writ of certiorari App page 5.
>
> The Petitioner OBJECTS to the Magistrates R+R that Petitioner ground three claim was not presented to the state court. The Magistrate relied on the states response which mislead the Judge, Because the petitioner did raise this claim to the State Supreme Court, see Petitioners Pro Se writ of certiorari App page 10.
>
> . . . .
>
> The Petitioner OBJECTS to the Magistrates R+R that does not address the Petitioner ground two claim that the state court ruling was an unreasonable application where counsel put his faith in the integrity and infavorability of the police investigation. The Magistrate only relied on the States response which mislead the Court.
>
> The Petitioner OBJECTS to the Magistrates R+R that does not address Petitioners ground three claim that the state courts ruling was contrary to federal law as decided by the Supreme Court, where the Magistrate relied on the state courts response and not the facts presented.

(ECF No. 40 at 3–4, 5–6 (errors in original).)

> Ground Two avers:
>
> Counsel put his faith in the infavorability of the police investigation.
>
> (a) The state courts ruling that counsel reasonably investigated was an unreasonable application of clearly established Federal law and determined by the supreme court that counsel's testimony confirmed petitioner's claim that counsel's decisions not to investigate was based in his faith in the integrity and infavorability of the police investigation.

(ECF No. 1 at 9 (errors in original).) Ground Three alleges:

> The state court did not rule with finding of facts and conclusions of law.
>
> (a) The state court ruled contrary to clearly established Federal law as determined by the supreme court by passing on petitioner's credibility at presentment of his claims without stating expressly its finding of facts and conclusions of law.

(*Id.* at 11 (errors in original).) It is undisputed that neither of these Grounds was presented

3

to the PCR Court for determination. Thus, they are procedurally defaulted and outside the scope of this Court's habeas review unless Petitioner establishes both cause for the default and prejudice. *See Martinez v. Ryan*, 566 U.S. 1, 9 (2012); *Plymail v. Mirandy*, 8 F.4th 308, 316 (4th Cir. 2021), *as amended* (Sept. 7, 2021). The fact—which appears to the basis of Petitioner's objections—that Petitioner raised Grounds Two and Three on PCR appeal in his pro se response to PCR counsel's *Johnson* petition for writ of certiorari is immaterial. Magistrate Judge West was correct to conclude that Grounds Two and Three are procedurally barred, and Petitioner has not demonstrated cause and prejudice. Accordingly, the objections are overruled.

**B. Merits Review**

The Magistrate Judge evaluated the merits of Grounds One and Four through Seven together. (ECF No. 36 at 21–30.) This is because these Grounds collectively allege infirmity in Petitioner's guilty plea based upon various aspects of counsel's performance, which is alleged to have been ineffective, thereby forcing Petitioner to plead guilty because he did not believe counsel was prepared for trial. (*See* ECF No. 1 at 6, 14–17.) After summarizing the relevant testimony at the PCR hearing, explaining the PCR Court's findings, and considering Respondent and Petitioner's arguments as to summary judgment (*see* ECF No. 36 at 21–27), Magistrate Judge West found that the PCR evidence supports the PCR Court's conclusions that:

> (a) counsel's in-person meetings with Petitioner were minimal due to Petitioner's truck driving job but counsel met with Petitioner multiple times for three to four hours on the days leading up to the plea; (b) counsel's discussion with Petitioner included a review of all the discovery and the possibility of a plea deal; (c) counsel went to the scene with his investigator and consulted with an accident reconstruction expert concerning the MAIT investigator's findings and his expert found the findings to be accurate; (d) counsel reviewed Petitioner's charges with him and they discussed the

4

> MAIT report and the findings of the accident reconstruction experts; (e) counsel was not able to find any favorable witnesses, (f) it was Petitioner's decision to plead guilty and he believed it was in Petitioner's best interest; and (g) counsel would have taken the case to trial if Petitioner[] chose to.

(*Id.* at 28.) Magistrate Judge West determined that the PCR Court was reasonable to find that Petitioner failed to show his guilty plea was induced by ineffective assistance of counsel, because Petitioner failed to make a threshold showing that counsel was deficient in his preparation. (*Id.*) Moreover, the Magistrate Judge noted that the PCR Court, in its factual findings, assessed counsel's testimony to be credible and Petitioner's testimony to be not credible, a determination that is entitled to deference in this habeas proceeding. (*Id.*) In summary, Magistrate Judge West found: (1) Petitioner's ineffective assistance of counsel and involuntary guilty plea arguments are insufficient to satisfy the test for relief under *Strickland v. Washington*, 466 U.S. 668 (1984); (2) Petitioner failed to show by clear and convincing evidence that the PCR Court reached an unreasonable factual determination on any of the disputed issues; and (3) Petitioner failed to show the PCR Court unreasonably applied U.S. Supreme Court precedent in deciding his ineffective assistance of counsel and involuntary guilty plea claims. (ECF No. 36 at 29.)

> In his objections, Petitioner argues:
>
> The Petitioner OBJECTS to the Magistrates Judge re-characterizing his constitutional claim by rephrasing the claim and then addressing only part of the claim and or an entirely different claim than what was raised by Petitioner.
>
> The Petitioner OBJECTS to the Magistrates rephrasing ground one, and only addressing the adjudication. The Petitioner raised a constitutional violation due to an error in the plea colloquy, that were contrary to Federal law as established by the Supreme Court. Petitioner raised this claim at PCR app 40 and Pro SE Brief to State Supreme Court App pg 9.
>
> The Petitioner OBJECTS to the Magistrates rephrasing of ground four and only addressing the state court erroneous fact finding in its order. The

5

Magistrate did not address Petitioners constitutional violation that the State court ruling was unreasonable in light of evidence presented, and it was contrary to clearly established federal law as ruled on by the Supreme Court. Where counsel testified that he did not regularly consult with Petitioner.

The Petitioner OBJECTS to the Magistrates rephrasing ground six and not addressing Petitioners claim that his constitutional rights were violated when the State Court ruled contrary to Federal law as established by the Supreme Court where counsel failed to hire or discuss hiring an expert witness.

. . . .

The Petitioner OBJECTS to the Magistrates addressing claims not raised in Petitioners 28 USC 2254 motion. See Petitioners filings in his 2254 proceedings. The Magistrates R+R DOES NOT address the claim raised by Petitioner, which is a violation of Clisby v. Jones, 960 F.2d 925, 935–936 (11th Cir. 1992) Instead of addressing these claims the R+R reiterates the State Courts order which DOES NOT address the claim and FACTS before the Court in the 2254 pleadings.

The Petitioner OBJECTS to the Magistrates R+R that does not address Petitioner's ground five claim that the State Court's ruling that counsel did not give bad advice was unreasonable in light of evidence presented in court where counsel conceded this claim. The Magistrate's order does not address the claim and/or facts presented by the Petitioner.

The Petitioner OBJECTS to the Magistrates R+R on ground one, that does not address that the plea colloquy was accepted contrary to federal law as established by the Supreme Court. The Magistrate only relied on the State response and not the facts and evidence presented.

The Petitioner OBJECTS to the Magistrates R+R that DOES NOT address the Petitioner ground four claim that the State Courts ruling that counsel abided by the rules of professional conduct was unreasonable in light of evidence presented in court. The Magistrate relied on the State order and state's response without addressing the facts presented by the Petitioner.

The Petitioner OBJECTS to the Magistrate R+R that does not address his ground five claim that the State Courts ruling was unreasonable in light of the evidence presented in court, where counsel conceded he gave bad advice about sentencing. The Magistrate only reiterated the State Court's order without addressing the facts presented by Petitioner.

The Petitioner OBJECTS to the Magistrates R+R that does not address his ground six claim that the State Court's ruling, that counsel hired an expert

6

> witness was unreasonable in light of evidence presented in court. The Magistrate only relied on false information in the States response and did not address the facts presented by the Petitioner.
>
> The Petitioner OBJECTS to the Magistrates R+R that does not address Petitioners ground seven claim that the State Court ruling that counsel hired an expert witness was an unreasonable application of clearly established Federal law as decided by the Supreme Court. The R+R does not make any reference to this fact.

(ECF No. 40 at 2–8 (errors in original).)

To a large extent, these objections are conclusory and do not point the Court to any specific error in the Magistrate Judge's reasoning or analysis, but merely restate Petitioner's claims and baldly assert that the Magistrate Judge drew wrong conclusions after "rel[ying] on false information in the State[']s response" or failing to "address the facts presented by the Petitioner." (*See id.*) Nevertheless, the Court will attempt to address those aspects of Petitioner's arguments that raise objections which could be deemed colorably specific.

Where Petitioner attacks the Magistrate Judge's "re-characterizing" or "rephrasing" of his claims, the objections are improper and without merit. The Magistrate Judge began the Discussion section of the Report by stating *verbatim* all seven Grounds for relief advanced in Petitioner's habeas petition. (ECF No. 36 at 8–10.) If, in later sections of the Report, the Magistrate Judge condensed her references to the core substance of each Ground, it is by no means improper, but a typical shorthand way of referring to the central allegations within each claim. The Court finds that the Magistrate Judge correctly and accurately dealt with the substance of each Ground in turn, and the objections are overruled.

Where Petitioner merely disagrees with the Magistrate Judge's conclusions on

7

particular issues (*e.g.*, whether his plea was voluntary, whether the infrequency of counsel's meetings with Petitioner was ineffective assistance, whether counsel made sufficient efforts to investigate and challenge the State's evidence with an expert witness, etc.), the objections are unavailing. *See United States v. Brooks*, No. 3:19-cr00211-FDW-DCK, 2022 WL 1184368, at *2 (W.D.N.C. Apr. 21, 2022) (noting that "an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context" (cleaned up)). The Court finds that the Magistrate Judge fairly and accurately summarized the evidence from the PCR proceedings and correctly determined that the PCR Court was not unreasonable in its factual findings or legal conclusions. The objections are overruled.

Petitioner's reliance on *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) is misplaced. In *Clisby* the Eleventh Circuit Court of Appeals held that the habeas petitioner was not deprived of his due process right to competent psychiatric assistance for a capital sentencing proceeding, and that a district court must resolve all claims for relief raised in a petition for writ of habeas corpus, regardless of whether habeas relief is granted or denied. *Id.* at 934, 935–36. Petitioner's assertion that Magistrate Judge West did not resolve all of the claims in his petition is both conclusory and incorrect. *Clisby* offers him no assistance and the objection is overruled.

Where Petitioner argues the Magistrate Judge did not adequately address his Ground Five claim that counsel gave bad advice about the length of sentence, his assertions miss the mark. Magistrate Judge West explained that counsel's testimony at the PCR hearing reflected: (1) when the case was called for trial, he spoke with Petitioner

and informed him that they did not get a favorable judge, and if they lost at trial Petitioner could potentially get a life sentence; (2) after several discussions with the solicitor's office, counsel was able to obtain an agreement that reduced the charge from murder to voluntary manslaughter with a fifteen-year sentence; (3) one of the reasons the solicitor agreed to such a low sentence, even though the solicitor wanted a murder charge, was because one of the State's principal investigators on the case died while the case was pending; and (4) Petitioner did not want the deal and wanted a better deal, but counsel told Petitioner that was the best deal he could get and they could ask for a continuance and go to trial. (ECF No. 36 at 24 (citations omitted).) Petitioner's assertions that "counsel advised him the plea would get him home in ten to twelve years which was erroneous because the minimum is twelve years nine months," and that "counsel conceded this issue and counsel notes corroborate petitioner's claim verbatim" (ECF No. 1 at 15), are not supported by the record. Rather, counsel's PCR testimony reflects that at some point in his discussions with Petitioner about negotiating a plea deal he indicated "perhaps[] we can get to a 12 or 13-year offer," and "if I can get a 12 offer, perhaps, you can be home in ten years." (ECF No. 27-1 at 55.) The remainder of counsel's PCR testimony about the sentence negotiation is abundantly clear that the common understanding between the solicitor, counsel, and Petitioner was that fifteen years was the best deal available. (*See Id.* at 53–58.) Thus, Petitioner has not demonstrated that counsel's performance fell below an objective standard of reasonableness as to advice regarding the sentence he would receive, *Strickland*, 466 U.S. at 687; nor has he demonstrated prejudice in that any perceived discrepancy in counsel's explanation of the sentence would have caused Petitioner to plead not guilty and insist on going to trial, *Hill v. Lockhart*, 474 U.S. 52, 60

9

(1985). Petitioner's objections as to Ground Five are overruled.

The Court finds that the remainder of Petitioner's objections are alternatively non-specific, unrelated to the dispositive portions of the Report, or merely restate his claims. (*See* ECF No. 40 at 2–8.) Petitioner's objections are, therefore, overruled *in toto*.

## CONCLUSION

After *de novo* review of the relevant materials and law, and for the reasons set forth above, the Court ADOPTS the Report (ECF No. 36) of the Magistrate Judge and incorporates it herein. Accordingly, Petitioner's objections (ECF No. 40) are OVERRULED, Respondent's motion for summary judgment (ECF No. 28) is GRANTED, Petitioner's § 2254 habeas petition (ECF No. 1) is DENIED, and a certificate of appealability is denied.[2]

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 15, 2022
Charleston, South Carolina

---

[2] Title 28, Section 2253 provides in relevant part, that, "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met.